UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDRE O. JOHNSON | No. 3:24-cr-133 (OAW) |
|---|---|

**RULING ON MOTION TO DISMISS**

The Indictment charges Defendant Andre Johnson with two crimes. ECF No. 1. Mr. Johnson has moved to dismiss Count One, Unlawful Possession of a Firearm by a Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). ECF No. 27-1. For the reasons that follow, the Motion is **DENIED.**

## I.   PROCEDURAL FACTS

On June 25, 2024, Mr. Johnson was indicted for: (1) Unlawful Possession of a Firearm by a Felon, and (2) Possession with the Intent to Distribute Cocaine and Fentanyl. At the time of the alleged conduct, he had prior felony convictions, including: (1) Conspiracy to Distribute and to Possess with the Intent to Distribute Marijuana, Crack Cocaine, and 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B)(ii), (b)(1)(C), and (b)(1)(D); (2) Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(o); and (3) Conspiracy to Unlawfully Deal in Firearms and to Unlawfully Transport Firearms in Interstate Commerce, in violation of 18 U.S.C. §§ 371, 922(a)(1)(A), and 922(a)(3). He does not dispute his status as a felon, but moves to dismiss, claiming the indictment is facially unconstitutional and unconstitutional as applied to him.[1]

---

[1] The court agrees with the government that Defendant's arguments largely appear to be a facial challenge.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 12(b), a defendant may raise "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The United States Court of Appeals for the Second Circuit has recognized that "a federal indictment can be challenged on the ground that it fails to allege a crime within the terms of the applicable statute." *United States v. Aleynikov*, 676 F.3d 71, 75—76 (2d Cir. 2012). As such, the case may be determined based "'solely upon issues of law.'" *United States v. Patterson*, No. 21-cr-103 (VAB), 2023 WL 348970, at *1 (D. Conn. Jan. 20, 2023) (quoting *United States v. Was*, 684 F. Supp. 350, 351 (D. Conn. 1988), *aff'd*, 869 F.2d 34 (2d Cir. 1989)). In ruling on such a motion, the "court views the indictment as a whole and assumes its factual allegations to be true." *United States v. Litvak*, No. 13-cr-19 (JCH), 2013 WL 5740891, at *2 (D. Conn. Oct. 21, 2013) (citing *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952)).

## III. DISCUSSION

### A. The Constitutionality of 922(g)(1)

The Second Amendment "confer[s] an individual right to keep and bear arms." *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008). But, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *Id.* 626. The court disagrees with Defendant's argument that dicta articulated by the Supreme Court of the United States cannot be instructive or persuasive. Justice Scalia's majority opinon in *Heller* explicitly stated the government may prohibit the possession of firearms by felons. *Id.* Such a limitation is presumptively lawful. *Id.* 627 n. 26. Two years after *Heller*, the Supreme Court held that it did not "cast doubt on such longstanding regulatory measures

as prohibitions on the possession of firearms by felons." *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010).  More recently, the Court redefined the constitutional analysis of firearm laws.  *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).[2]  *Bruen* abandoned the means-end assessment for a text and history test.  *Id.* at 19.  Thus, courts must determine whether the accused and their conduct falls within the scope of the Second Amendment.  If so, "the Constitution presumptively protects that conduct." *Id.* at 17.  In such a case, merely satisfying means-end scrutiny cannot render a firearm law constitutional; a proponent must "affirmatively prove" that the law or regulation is "consistent with this Nation's historical tradition of firearm regulation."  *Id.* at 24. Application of this standard was refined in *United States v. Rahimi*, 602 U.S. 680 (2024).

In *Rahimi*, the Supreme Court analyzed whether § 922(g)(8), which prohibits the possession of firearms by persons subject to domestic violence restraining orders, violates the Second Amendment.  The Supreme Court had "no trouble concluding that Section 922(g)(8) survives Rahimi's facial challenge," because America's "tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others."  *Id.* at 700.

---

[2] And although not of precedential value, the court finds the concurrences penned by Justices Alito and Kavanaugh to be persuasive on this point.  Justice Alito stated particularly that the "holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun."  *Bruen*, at 72.  And Justice Kavanaugh was even more explicit, emphasizing two points: first, that "the Court's decision does not affect the existing licensing regimes—known as "shall-issue" regimes—that are employed in 43 States," *Id.* at 79, and second, that "[n]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id.* at 81 (quoting *Heller*, 554 U.S. at 626–27). Indeed, it is difficult to see *Bruen* as a departure from precedent, particularly given its adherence to principles from *Heller* and *McDonald*.  *See Bruen,* 597 U.S. 8-10 (prefacing the Court's holding by stating that it is "consistent with *Heller* and *Mcdonald* . . . .").

Since *Rahimi*, "the handful of courts to have addressed the constitutionality of § 922(g)(1) . . . have recognized that *Rahimi*, if anything, bolsters § 922(g)(1)'s constitutionality. *United States v. Morales*, No. 24-cr-0084, 2024 WL 3345982, 2024 U.S. Dist. LEXIS 119267, *6 (S.D.N.Y. Jul. 8, 2024) (collecting cases); *see also United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013) (holding *Heller* should not be interpreted to prevent prohibitions on felons possessing firearms). Indeed, "no district court in this circuit has abandoned *Bogle* or held that § 922(g)(1) is unconstitutional." *United States v. Carter*, No. 23-cr-0074 (KAD), 2024 WL 3785366, 2024 U.S. Dist. LEXIS 144067, *9 (D. Conn. Aug. 13, 2024). Thus, neither *Bruen* nor *Rahimi* gives this court reason to doubt that *Heller*'s "longstanding prohibitions" language is on tenuous ground. Quite the opposite, the constitutional foundation of § 922(g)(1) appears to have been fortified.

Further, this court is bound by *Bogle*, in which the United States Court of Appeals for the Second Circuit upheld the constitutionality of 922(g)(1) against similar arguments to those here raised by Mr. Johnson. *Bogle* avoided the kind of "means-end" test that garnered attention in *Bruen*, and instead relied on *Heller* and *McDonald*, and the assurances of the Supreme Court that nothing in those decisions intended to "cast doubt on longstanding prohibitions on the possession of firearms by felons." *Bogle*, 717 F.3d at 281 (quoting *Heller*, 554 U.S. at 626). "[T]he Second Circuit has spoken directly to the issue presented by this case" and that guidance remains authoritative precedent "unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit." *United States v. Smith*, 489 F. Supp. 3d 167, 172-73 (S.D.N.Y. 2020) (quoting *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015), *aff'd*, 854 F.3d 197 (2d Cir. 2017)).

4

Finally, "it is unclear whether courts can even make an 'individualized inquiry by felony' when considering the constitutionality of § 922(g)(1) or similar statutes." *United States v. Pickett*, No. 22-cr-486 (NRM), 2024 WL 779209, 2024 U.S. Dist. LEXIS 32573, *7 (E.D.N.Y. Feb. 15, 2024) *but see Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023). Still, "when a statute is challenged as-applied, the court must analyze 'the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the individual to whom it was applied of a protected right.'" *Carter*, 2024 U.S. Dist. LEXIS 144067, *12 (quoting *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 174 (2d Cir. 2006).

Any claim that § 922(g)(1) is unconstitutional as applied to prior gun and drug crimes is unavailing, as "guns and drugs are a dangerous combination, and drug-traffickers are dangerous and disruptive to society." *United States v. Canales*, 702 F. Supp. 3d 322, 329 (E.D. Pa. 2023); *see Smith v. United States*, 508 U.S. 223, 240 (1993) (noting the "dangerous combination" of firearms and drugs "creates a grave possibility of violence and death"). Mr. Johnson does not argue that the circumstances of his alleged firearm possession implicates his constitutionally protected rights. Nor does he make distinct arguments about his prior convictions that support an as-applied challenge. For instance, he offers no facts about the circumstances of his underlying felony convictions; the court only has been presented with the charges identified in the indictment. *Carter*, at *12-13 (cleaned up). Due to insufficient development of the record on this issue, the court does not hesitate to reject Mr. Johnson's as-applied challenge.

5

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Mr. Johnson's motion to dismiss is **DENIED. IT IS SO ORDERED** at Hartford, Connecticut, this 11th day of April, 2025.

/s/
Omar A. Williams
United States District Judge